**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Austin Associates, LLC,                                      Case No. 3:14CV1510

       Plaintiff

       v.                                                   **ORDER**

Business Carolina, Inc.,

       Defendant


This is a suit by a consulting firm, Austin Associates, LLC against a former client,

Business Carolina, Inc. (BCI), with whom Austin had a contract to perform consulting services.

Austin claims that BCI failed to perform its obligations and owes it the money at issue.

Pending is BCI's motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P.

12(b)(2). (Doc. 11). For the reasons that follow, I agree that this case should not proceed in this

District. Rather than dismiss, I will, however, transfer the case to the District of South Carolina

for further proceedings.

**Background**

BCI, which has subsequently sold its assets, was a state-funded financial institution that

provided funding to small businesses. In 2013 BCI began considering a sale of its assets. Among

other services, Austin, which engages in its business operations in the Midwest, Northeast, and

Southeast, provides valuation and consulting services to small banks. BCI contacted Austin by phone seeking assistance with its deliberations and other activities related to a possible asset sale.

BCI signed an engagement letter – the contract at issue in this case – at its South Carolina branch. Little, if any, negotiation preceded the agreement. All communication was by phone or email; no one from BCI ever came to Ohio during the period of Austin's work under the engagement letter. One of Austin's officials visited BCI on three occasions; on at least one of those occasions, that official presented a report on its work to BCI's board.

Things fell apart, and this lawsuit resulted, when BCI, unbeknownst to Austin, undertook a sale of its assets to another financial institution. After learning about the sale *via* a press release issued by the purchaser, Austin made a demand for payment of its fee under the engagement letter. Because payment has not been forthcoming, Austin brought this suit.

### Discussion

Except for its long-distance contacts with Austin's offices and personnel in Toledo, Ohio, BCI has never done anything in this State. It was a small, local bank engaged in a limited sphere of operations intended to support small businesses in South Carolina. Nonetheless, Austin claims that because it did its analytical work in Toledo, BCI "transacted business" to such an extent that personal jurisdiction is appropriate under O.R.C. § 2307.382(A)(1) and constitutionally proper.

I disagree. The center of gravity of what happened between the parties occurred in South Carolina. The alleged breach of contract that gives rise to this suit – namely, nonpayment of Austin's bill – occurred in that state, as did all personal contact between the parties.

While I have little doubt that BCI did not transact business within the meaning of Ohio's long-arm statute, I need not dwell on or decide that question. This is so because assertion of personal jurisdiction in this case would offend due process.

The Sixth Circuit laid out the black-letter doctrine in *Southern Machine Co. v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir. 1968):

> First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Exercising personal jurisdiction under the facts of this case would satisfy none of these requirements.

BCI did not avail itself of the privilege of acting in this state. As noted, its handful of contacts were all done long distance. The initial operative event was its signing in South Carolina of the engagement letter. To the extent that the parties thereafter interacted, and acted in accordance with (or in breach of) the engagement, everything happened in South Carolina.

The cause of action arises from BCI's refusal to pay, which occurred in South Carolina. Nonpayment of an obligation owed to an Ohio business does not, without more than exists in this case, constitute purposeful availment of the privilege of doing business here.

Finally, simple nonpayment of a disputed debt is not a reasonable basis for asserting personal jurisdiction.

I have encountered similar circumstances in the past. *Highway Auto Sales, Inc. v. Auto-Konig of Scottsdale, Inc.*, 943 F. Supp.825, 828, 829-33 (N.D. Ohio 1996). Suffice to say, the facts in this case are even less compelling, to which I refer the reader for a more elaborate expression of my understanding of the applicable due process principles justifying my decision here.

In addition to the pending motion to dismiss, also pending and decisional are counter-motions for summary judgment. To avoid further delay in adjudication of those motions, I choose to transfer this case to the District of South Carolina for further proceedings.

It is, accordingly,

ORDERED THAT:

1.  This case be, and the same hereby is transferred to the District of South Carolina for further proceedings;

2.  Defendant's motion to dismiss (Doc. 11) be denied as moot.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge